IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DORSETT ZACHERY,               § | |
| § | |
| Plaintiff,           § | |
| § | |
| v.                                           § | Civil Action No. 4:20-cv-01224-O-BP |
| § | |
| UNITED STATES COLD STORAGE LP, § | |
| § | |
| Defendant.          § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Dorsett Zachery ("Zachery") on November 6, 2020. ECF No. 3. Because Zachery did not properly serve process as provided by the Federal Rules of Civil Procedure and as ordered by the Court, and after reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.     BACKGROUND**

Zachery originally filed his Complaint in the Dallas Division of the Court. ECF No. 3. By Order dated November 10, 2020, United States Magistrate Judge Irma Carrillo Ramirez ordered Zachery to perfect service of process on the defendant since he had paid the filing fee. ECF No. 5. In her Order, Judge Ramirez specifically warned Zachery "[i]f a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m)." *Id.* Judge Ramirez attached a copy of Federal Rule of Civil Procedure 4 to the Order. *Id.* Also on November 10, 2020, Judge Ramirez transferred the

case to the Fort Worth Division. ECF No. 7. The case was referred to the undersigned automatically under Special Order 3. ECF No. 8.

Although the clerk issued summons forms on November 10, 2020 and January 28, 2021 (ECF Nos. 6 and 10), the record does not reflect that Zachery ever properly served the summons and complaint on the defendant as provided under the Federal Rules of Civil Procedure. On February 12, 2021, Zachery filed an unsigned proof of service that reflected that he personally served the summons on "U.S.," who was designated by law to accept service for the defendant, on February 1, 2021. ECF No. 11 at 2. It appears from Zachery's return of service documents that he personally mailed the summons to the defendant by certified United States Mail, return receipt requested, and that the certified mail article was signed for by "AM" on "2/4." ECF No. 11 at 3-4. The certified mail return receipt and green card reflect that Zachery mailed the article to the defendant at 2 Aquarium Dr. #400, Camden, NJ 08103. *Id.*

## II. LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." According to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date he files his complaint in which to serve the defendants with a copy. If the plaintiff does not serve a defendant within that time, the Court must dismiss the case without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(h) gives a plaintiff two ways to serve process on a corporation. A plaintiff can either follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made" or deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1). The district court in this case is in Texas, and Texas state law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Orgs. Code §§ 5.201(a) and 5.255(1).

A plaintiff may not serve the summons and complaint himself. The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Additionally,

> [u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).

Under Texas Rule of Civil Procedure 103, "*no person who is a party to or interested in the outcome of a suit* may serve any process . . . ." Tex. R. Civ. P 103 (emphasis added). Rule 103 also lists a variety of persons who may serve process. *Id.* Furthermore, the "officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." Tex. R. Civ. P. 105. Unless service is made in another matter ordered by the court, the citation shall be:

> served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1)-(2). *See also* Tex. R. Civ. P. 107(a)-(h) (how to effectively return service). In cases such as this one where the defendant is absent from Texas or a nonresident of the state, Rule 108 provides that the form of notice to the defendant is the same, and "such notice may be served **by any disinterested person** who is not less than eighteen years of age" as provided under Rule 106. Tex. R. Civ. P. 108 (emphasis added).

The record does not show that Zachery properly served the summons and complaint on the defendant as provided in Federal Rule of Civil Procedure 4(h). On August 19, 2021, the undersigned issued an Order explaining to Zachery that he had not properly served the defendant and brought the defendant before the Court for prosecution of this case. ECF No. 12. The undersigned specifically warned Zachery that "the Court upon its own initiative, after notice to the Plaintiff, must dismiss the action without prejudice if she does not properly serve the Defendant within 90 days of the date on which she filed her Complaint or by a specified date. Fed. R. Civ. P. 4(m)." ECF No. 12 at 3. The undersigned ordered Zachery to perfect service of process on the defendant under the Federal Rules of Civil Procedure on or before September 18, 2021. *Id.* The Court warned him that if he did not "timely perfect service of process upon the Defendant by that time, the undersigned may recommend dismissal of his causes of action without prejudice for failure to serve process under the rules."

Zachery did not perfect service of process on the defendant by the extended deadline ordered by the Court. "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ.

P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Zachery failed to serve the defendant within ninety days of filing the Complaint. The Court extended the deadline and warned Zachery of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's warning, he did not file proof of proper service or allege good cause for failure to effect timely service. Accordingly, the Court should dismiss his Complaint for failure to effect service in a timely manner.

## III. RECOMMENDATION

Because Zachery failed to serve the defendant as required by law and as ordered by the Court, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on October 8, 2021.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE